XAVIER BECERRA, State Bar No. 118517
Attorney General of California
CHRISTOPHER J. BECKER, State Bar No. 230529
Supervising Deputy Attorney General
KELLY A. SAMSON, State Bar No. 266927
JANET N. CHEN, State Bar No. 283233
Deputy Attorneys General
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7317
 Fax: (916) 324-5205
 E-mail: Kelly.Samson@doj.ca.gov
*Attorneys for Defendants*
*Diaz, Fox, Tileston, Hopper, Hadrava,*
*Cherniss, Santos, Farmer, Gibbs, and Ebert*

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| **CANDICE CROWDER (aka Tristain Crowder),**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**ROBERT W. FOX, et al.,**<br><br>　　　　　　　　　　　　Defendants. | 2:17-cv-01657 TLN DMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR MISJOINDER**<br><br>Date:　　　June 26, 2019<br>Time:　　　10:00 a.m.<br>Courtroom:　304, 3rd Floor<br>Judge:　　　The Hon. Dennis M. Cota<br>Trial Date:　None Set<br>Action Filed: August 7, 2017 |

**INTRODUCTION**

Plaintiff's amended complaint is improperly joined. Her opposition fails to present any reasoned support showing why these claims can be joined together. The claims do not arise out of the same transaction or occurrence and do not present common questions or law of fact. Even if Plaintiff could meet the conditions for permissive joinder, the Court should still sever the claims because of the prejudice that would stem from joining the claims together. For all of these reasons, Plaintiff's claims must be severed.

1

# ARGUMENT

## I. PLAINTIFF'S CLAIMS DO NOT ARISE OUT OF THE SAME TRANSACTION OR OCCURRENCE.

Plaintiff's opposition attempts to show that that joinder is appropriate because all of her claims are "undergirded by CDCR's common pattern of discrimination against LGBTQI prisoners, especially transgender prisoners." (ECF No. 31 at 10.) However, conclusory statements of a conspiracy or retaliation are insufficient to tie claims together. *Hysell v. Schwarzenegger*, No. 1:10-CV-01233-AWI, 2011 WL 2678829, at *14 (E.D. Cal. July 6, 2011). And there are no allegations in the complaint to suggest that these Defendants were all working together over a two-year span to target Plaintiff. *See Jenkins v. Lares*, No. 2:13-CV-2273-DB, 2017 WL 3381809, at *5 (E.D. Cal. Aug. 7, 2017) ("Plaintiff's SAC similarly fails to support his argument that defendants named in separate claims were acting "in co-hoots" with one another. Even if this court were to consider those new allegations contained within plaintiff's opposition, on their own they are vague and conclusory.")

To support permissive joinder in the Ninth Circuit, plaintiffs are not only required to prove "claims that arise out of a systematic pattern of events," but the claims must also have "a very definite logical relationship" to arise out of the same transaction or occurrence. *See Bautista v. Los Angeles County*, 216 F.3d 837, 842-43 (9th Cir. 2000) (Reinhardt, J., concurring) (*quoting Coughlin v. Rogers,* 130 F.3d 1348, 1350 (9th Cir. 1997) and *Union Paving Co. v. Downer Corp.*, 276 F.2d 468, 470 (9th Cir. 1960)). In cases where a "plaintiff failed to plead any link between various episodes," joinder is improper. *Jenkins v. Lares*, No. 2:13-CV-2273-DB, 2017 WL 3381809, at *4 (E.D. Cal. Aug. 7, 2017), report and recommendation adopted, 2017 WL 3953891 (E.D. Cal. Sept. 8, 2017). "Unrelated claims against unrelated defendants belong in different suits." *Bejaran v. Lueth*, No. CIV 2:08-000817 DAE, 2010 WL 1444591, at *2 (E.D. Cal. Apr. 12, 2010); *see Aul v. Allstate Life Ins. Co.*, 993 F.2d 881, 884 (9th Cir. 1993) ("A claim based on different rights and established by different transactional facts will be a different cause of action.").

A simple review of Plaintiff's allegations, spanning from September 2016 to August 17, 2018, show that these claims are improperly joined. The claims can be grouped into three distinct categories.

### 1. Dining Hall Incident Claims

The first group concerns Plaintiff's claims alleged in the original complaint and concern the dining hall incident, occurring in September 2016. Of those claims, the following claims can arguably be joined:[1]

> Claim 1: Plaintiff's Eighth Amendment failure to protect claim against Defendant Santos for failing to document Plaintiff's concerns about her violent ex-boyfriend before the September 2016 dining hall incident. (ECF No. 17 at ¶ 101.)
>
> Claim 2: Plaintiff's Eighth Amendment failure to protect claim against Does 1-3 for failing to intervene and stop the dining hall incident in September 2016. (ECF No. 17 at ¶ 102.)
>
> Claim 3: Plaintiff's Fourteenth Amendment Equal Protection Claim against Defendant Santos for failing to protect Plaintiff from the September 2016 assault because Plaintiff is transgender. (ECF No. 17 at ¶ 111.)
>
> Claim 4: Plaintiff's Fourteenth Amendment Equal Protection Claim against Does 1-3 for failing to protect Plaintiff from the September 2016 assault because Plaintiff is transgender. (ECF No. 17 at ¶ 111.)
>
> Claim 5: Plaintiff's Fourteenth Amendment Equal Protection Claim against Defendants Hopper and Hadrava for blaming the September 2016 assault on Plaintiff's gender expression, sexual orientation, and transgender identity. (ECF No. 17 at ¶ 110.)
>
> Claim 6: Plaintiff's Fourteenth Amendment Due Process claims against Defendants Hadrava and Santos for placing Plaintiff in "solitary confinement" without allowing Plaintiff to participate in her review. (ECF No. 17 at ¶¶ 50, 121.)

Separate and apart from these first six claims, Plaintiff asserted entirely unrelated claims against new Defendants with no arguable connection to the underlying dining hall incident. Plaintiff made no allegations in her complaint to suggest that Defendants Santos, Hopper, and Hadrava worked in connection with any other Defendants to harm or otherwise discriminate against her.

---

[1] Defendants separately challenge the sufficiency of Plaintiff's complaint in their motion to dismiss. (ECF No. 24.)

### 2. Supervisory Defendant Claims

The second group of claims that Plaintiff brought in the amended complaint concerned supervisory Defendants over an unspecified time period. These claims concern general allegations of harm and arguably encompass allegations that occurred at other prisons, involving unknown and unnamed Defendants:

> Claim 7: Plaintiff's Fourteenth Amendment Equal Protection Claim against Defendants Fox and Tileston for treating Plaintiff different based on her sex and her perceived non-conformity with sex stereotypes at an unidentified time. (ECF No. 17 at ¶ 109.)
>
> Claim 8: Plaintiff's Fourteenth Amendment Equal Protection Claim against Secretary Diaz for failing to ensure CDCR's compliance with PREA's standards and directives related to LGBTQI prisoners, while implementing portions of PREA for non-LGBTQI prisoners. (ECF No. 17 at ¶ 108.)
>
> Claim 9: Plaintiff's Fourteenth Amendment Due Process claim against Defendants Diaz and Fox for failing to comply with PREA standards as they apply to LGBTQI prisoners. (ECF No. 17 at ¶ 118.)
>
> Claim 10: Plaintiff's First Amendment retaliation claim against Fox and Tileston for pressuring correctional staff to search and discipline Plaintiff for being a "problem" in order to transfer Plaintiff to another prisoner. (ECF No. 17 at ¶ 127.)

Defendants have argued in their motion to dismiss that these claims are so vague, conclusory, and untenable to survive at all, but they certainly do not provide a link between Plaintiff's claims and the Defendants. These separate and unrelated claims belong in different lawsuits.

### 3. Other Individual Defendant Claims

The third group of claims that Plaintiff raised in the amended complaint concern separate and distinct parties and conduct that do not link to any other individuals or even to each other. The allegations in this third group span over multiple months and years. All of these claims belong in entirely separate lawsuits:

**Plaintiff's claims against Defendant Gibbs**:

> Claim 11: Plaintiff's Fourteenth Amendment Equal Protection Claim against Defendant Gibbs for harassing, strip-searching, and damaging Plaintiff's property in September 2017, January 2018, and March 6, 2018, because she is transgender. (ECF No. 17 at ¶¶ 59, 68, 112.)
>
> Claim 12: Plaintiff's First Amendment claim against Defendant Gibbs for retaliating against her after she filed grievances on March 6, 2018. (ECF No. 17 at ¶¶ 68, 126.)

4

**Plaintiff's claims against Defendant Farmer**:

Claim 13: Plaintiff's Fourteenth Amendment Equal Protection Claim against Defendant Farmer for refusing her job assignments in the library and as a teaching assistant because Plaintiff is transgender, and for removing Plaintiff from a community college course because of her gender expression in September 2017 and August 2018. (ECF No. 17 at ¶¶ 60, 113.)

Claim 14: Plaintiff's First Amendment claim against Defendant Farmer for removing her from her work assignment and college course on July 28, 2018 and August 17, 2018. (ECF No. 17 at ¶¶ 69, 126.)

**Plaintiff's claim against Defendant Cherniss**:

Claim 16: Plaintiff's First Amendment claim against Defendant Cherniss for authoring two disciplinary chronos on August 4, 2017 and August 21, 2017. (ECF No. 17 at ¶¶ 66, 67, 127.)

**Plaintiff's claim against Defendant Ebert**:

Claim 15: Plaintiff's First Amendment claim against Defendant Ebert for authoring a chrono on June 25, 2018 after Plaintiff visited with her attorneys related to the present action. (ECF No. 17 at ¶¶ 69, 126.)

Plaintiff's claims against Defendants Gibbs, Farmer, Cherniss, and Ebert are pled as isolated incidents and are not the result of a pattern of events. Furthermore, these claims have no logical relationship to the September 2016 incident. *See, e.g., Thomas v. Ellis*, No. C 12-5563 CW (PR), 2014 WL 116286, at *3 (N.D. Cal. Jan. 13, 2014) (finding that a 15-month elapse in time could not meet the Rule 20 standards to show the same transaction or events for permissive joinder.) Plaintiff's opposition has failed to show how any of these claims relate to the underlying dining hall incident. And the cases in which Plaintiff cites to support her argument do not help.

For example, Plaintiff relies on *Hubbard v. Hougland*, 2010 U.S. Dist. LEXIS 46184, *8-9, 2010 WL 1416691 to stand for the proposition that the newly named Defendants can be properly joined. However, in *Hubbard*, the Court found that the newly named defendants attempted to cover up the original named defendants' use of excessive force by failing to provide adequate medical care the very same night the alleged excessive force occurred. As a result, the analysis used in *Hubbard*, can arguably be utilized to join Plaintiff's claims against Defendant Santos, with Hopper and Hadrava, because all of the alleged wrongdoing occurred within the same

timeframe. Conversely, it would not be logical to join Plaintiff's claim against Defendant Santos with her claim against Defendant Ebert, which occurred almost two years later.

Plaintiff's reliance on *Toscano v. Lewis*, 2014 U.S. Dist. LEXIS 27582, *19-20 also offers no support because the Court in that case found joinder when *Toscano* alleged a "common thread. . . about housing-related decisions." The *Toscano* Court determined that the plaintiff's First and Eighth Amendment claims were related because they all concerned his gang-related housing decisions. Here, Plaintiff's claim against Defendant Santos for failing to protect her from an assault, in no logical way relates to Plaintiff's complaint against Defendant Farmer for being removed from a college course.

Plaintiff's reliance on *Hicks v. Robles*, No. 118CV01481AWIEPG, 2019 WL 2089505, at *8 (E.D. Cal. May 13, 2019) is also misplaced. In *Hicks*, the court joined failure to protect claims with other failure to protect claims. However, the court severed, "the excessive force, medical indifference, and property deprivation claims" as they "all stem from an event occurring days after the latest failure to protect allegation in which officers, not other inmates, physically harmed Plaintiff." *Hicks*, 2019 WL 2089505, at *8. Following this logic, anything occurring after the dining hall incident, is improperly joined in this instance.

Plaintiff also cited to *Rojas v. Brown*, No. 117 CV 01514 DAD JLT, 2018 WL 4183269 (E.D. Cal. Aug. 30, 2018), but in that case the Court granted the defendants' motion for misjoinder, severing the unrelated incidents. The *Rojas* Court further noted that while the plaintiffs alleged that they satisfied the first condition of Rule 20, by alleging an "official 'custom and practice' by …CDCR or officers" their allegations rested on conclusions alone and nonetheless could not support joinder in a section 1983 action. *Id.* at *9. The Court further noted, that the plaintiffs improperly relied on the out of circuit cases (also cited by the Plaintiff in this case), *Kedra v. City of Philadelphia*, 454 F.Supp. 652, 662 (E.D. Pa. 1978)[2] and *Battison v. City of Electra*, 2001 WL 497769, at *2 (N.D. Tex. May 8, 2001)[3], because those cases were

---

[2] *Kedra* is also distinguishable because the defendants overlapped between the incidents. *Kedra*, 454 F. Supp. at 657-59. Conversely, there are no allegations to suggest that Defendants Santos, Hopper, or Hadrava were involved after September 2016.

[3] In *Battison*, the plaintiffs alleged that the defendant-city had violated their constitutional

6

brought against municipalities, which were subject to *Monell* liability and are wholly distinguishable from section 1983 claims.

Ultimately, in order for Plaintiff to properly join any new claims, those claims must relate back to the underlying incident. Plaintiff's amended complaint, however, fails to do so. Specifically, in her opposition, Plaintiff argues that "[h]ad CDCR complied with PREA Standards specific to LGBTQI prisoners, Ms. Crowder would not have been ignored when she raised her safety concerns to Defendant Santos, she would not have been involuntarily placed in solitary confinement as a victim of assault, she would not have had a need to report this conduct, and thus, would not have been the target of retaliation by Defendants Fox, Tileston, Cherniss, Gibbs, and Ebert." (ECF No. 31 at 14.) But the dining hall incident had nothing to do with CDCR's PREA policy and there are no allegations in the complaint to support this conclusion. Instead, the facts show that Defendant Santos said that he would document her safety concerns. (ECF No. 17 at ¶ 42.) Thus, Plaintiff is attempting to sweep all of these allegations under a theory that a pattern and practice of discrimination exists to tie all of her claims together, but her complaint is devoid of such facts. As a result, Plaintiff's amended complaint seeks to improperly join unrelated Defendants and claims and they should be severed.

## II. THERE ARE NO COMMON QUESTIONS OF LAW OR FACT AMONGST THE ORIGINAL AND NEW DEFENDANTS.

Because Plaintiff cannot meet the first requirement for permissive joinder, the Court need not evaluate the second requirement for permissive joinder—whether there are common questions of law or fact present to all of the parties. Fed. R. Civ. P. 20(a)(1)(B), (a)(2)(B). Plaintiff nonetheless, cannot meet either requirement.

Claims "involv[ing] different legal issues, standards, and procedures" do not involve common factual or legal questions. *Coughlin*, 130 F.3d 1348, 1350. Additionally, where claims require significant individualized attention, they cannot be said to involve common questions of

---

rights by maintaining an official policy, practice, or custom of negligently hiring, supervising, and retaining members of its police force. *Battison*, 2001 WL 497769, at *1. The plaintiffs in *Battison*, however, properly pled negligent hiring, supervision, and retention claims against the City of Electra under Texas common law. *See Battison v. City of Electra*, No. 7:01-cv-037-R (E.D. Tex. Filed Feb. 27, 2011), Compl., ECF No. 1.

law or fact. *Id.* Merely because Plaintiff alleged a Fourteenth Amendment claim against more than one Defendant does not suggest that joinder is appropriate. See *Jenkins,* 2017 WL 3381809, at *6 ("although plaintiff does bring two First Amendment retaliation claims, each arise from discrete events and implicate entirely separate sets of defendants. As such, they will each require the court's individualized attention and cannot be said to present common questions of law and fact.")

Plaintiff's opposition does not address the individualized inquiry that will need to occur if this case proceeds forward with all of the Defendants and claims joined as one. In one conclusory statement, Plaintiff argues that all of the events relate to one another. (ECF No. 31 at 18.) However, litigating the conduct alleged against Defendant Ebert will require entirely different discovery, including the deposition of Plaintiff's counsel (a witness to the incident), than the factual investigation that will occur litigating the conduct alleged against Defendant Santos. And the discovery and investigation related to Defendant Cherniss, Farmer, or Gibb's alleged conduct, will be entirely unrelated to the other Defendants. Thus, Plaintiff also cannot meet the second requirement for permissive joinder.

## III. THE INDIVIDUAL DEFENDANTS WILL BE PREJUDICED BY JOINDER.

Plaintiff seeks to join these claims together to assert her conclusion—that CDCR has a pattern and practice of subjecting the LGBTQI community to discrimination. (ECF No. 31 at 21.) But as mentioned above, such an assertion is nothing more than an unsupported conclusion. To hold individuals liable for a broad sweeping conclusion is not appropriate and flatly prejudicial.

"Liability under section 1983 arises only upon a showing of personal participation by the defendant." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (*citing Fayle v. Stapley,* 607 F.2d 858, 862 (9th Cir.1979).) Plaintiff's complaint, and any trial that may ensue, must focus on the individual actions that the Defendants took. Using other's conduct to inflame the minds of jurors would be highly prejudicial and further demonstrates why joinder is inappropriate in this instance. For all of these reasons, Plaintiff's claims must be severed.

## CONCLUSION

Plaintiff's opposition fails to show any reasoned argument as to why joinder is appropriate in this case. Plaintiff's claims against various Defendants concerning events wholly unrelated to her initial complaint are improperly joined and should be severed.

Dated: June 19, 2019

Respectfully submitted,

XAVIER BECERRA
Attorney General of California
CHRISTOPHER J. BECKER
Supervising Deputy Attorney General


*/s/ Kelly A. Samson*
KELLY A. SAMSON
Deputy Attorney General
*Attorneys for Defendants*
*Diaz, Fox, Tileston, Hopper, Hadrava,*
*Cherniss, Santos, Farmer, Gibbs, and Ebert*

SA2019100111
13840018.docx

# CERTIFICATE OF SERVICE

Case Name:   <u>*Crowder v. Fox*</u>         No.   <u>**2:17-cv-01657 DMC**</u>

I hereby certify that on <u>June 19, 2019</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR MISJOINDER**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on <u>June 19, 2019</u>, at Sacramento, California.

|  |  |
|---|---|
| F. Stevenson | */s/ F. Stevenson* |
| Declarant | Signature |

SA2019100111
13843761.docx